UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN ALDER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF YOLO,<br><br>        Defendant. | Case No. 16-cv-01682-VC<br><br>**ORDER DENYING MOTION FOR SETTLEMENT APPROVAL**<br><br>Re: Dkt. No. 26 |

The motion for settlement approval is denied. The parties have not demonstrated that the proposed settlement agreement provides a fair and reasonable resolution of the parties' bona fide disputes. *See Slezak v. City of Palo Alto*, No. 16-CV03224-LHK, 2017 WL 2688224, at \*2 (N.D. Cal. June 22, 2017) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)); *Beidleman v. City of Modesto*, No. 116CV01100DADSKO, 2017 WL 5257087, at \*2 (E.D. Cal. Oct. 26, 2017).

Although the parties generally have proposed a reasonable means of ascertaining the amount of overtime back pay to be paid to the plaintiffs and putative plaintiffs, the parties have not adequately justified the notice procedures they propose. First, the parties have not explained why notice of the settlement is being sent only to current non-exempt County employees, rather than to current and past non-exempt employees who worked overtime and are eligible for settlement funds. The parties also have not explained what follow-up measures they intend to take to ensure that putative plaintiffs receive notice. In addition, the proposed release form for putative plaintiffs does not itself explain clearly which claims are being released; it incorporates by reference the terms of the Settlement Agreement, which seems inadequate, particularly

because the parties anticipate making the Agreement available only at the Clerk's office. *See* Decl. of Gary M. Messing, Ex. C. at 4, Dkt. No. 26-5. Further, as to the substance of the settlement, the parties have not adequately explained why different settlement periods apply to different collective bargaining units or why a 66.7% discount is appropriate for payments made under the Bona Fide Plan dispute. *See* Decl. of Gary M. Messing, Ex. A at 3-5, Dkt. No. 26-3.

There is another, more fundamental problem with the structure of the proposed settlement. As written, the County (that is, the defendant) is responsible for sending notice to putative plaintiffs. But the County has a strong incentive not to be diligent in providing notice to the putative plaintiffs, because the fewer people who opt in, the less money it will have to pay. (And, because the County has since changed its practices, parties who do not opt in now will have more limited remedies later, as a practical matter, due to the statute of limitations.) The parties have not adequately justified why a reversionary settlement of this kind is appropriate and consistent with FLSA's aims. *See, e.g.*, *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 612 (E.D. Cal. 2015); *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2012 WL 4465558, at *11 (E.D. Cal. Sept. 25, 2012). Nor have they explained why the County, rather than plaintiffs' counsel or a third party, should be responsible for ensuring that putative plaintiffs receive notice, in light of this conflict of interest.

Moreover, the attorneys' fees provisions of the settlement are not reasonable. Plaintiffs' attorneys have not shown that it is appropriate for them to receive both statutory and contingent fee awards in this case, particularly as the latter reduces the amount each plaintiff receives as compensation for the alleged FLSA violations. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."); *Yue Zhou v. Wang's Rest.*, No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007) (noting "Congress' intent that an FLSA claimant should receive his full wages plus the penalty without incurring any expense for legal fees or costs" (internal quotation marks and citation omitted)); *see also Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 231 (S.D.N.Y. 2016) (observing that, where a court has a

"responsibility to assure that the allocation of settlement proceeds is reasonable and fair to the plaintiff," the court need not "defer to a lawyer's retainer agreement with his or her client"); *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1263 (M.D. Fla. 2008); *cf. Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *8 (N.D. Cal. Jan. 13, 2016). Regardless of whether such an arrangement might be permissible in some circumstances, it is not warranted here. This case settled at an early stage. No motion for conditional certification of the collective was filed, nor were any dispositive motions. The case was not especially complex; indeed, liability as to the plaintiffs who were paid cash in lieu of health benefits was clearly established by the Ninth Circuit's decision in *Flores v. City of San Gabriel*, 824 F.3d 890, 901, 907 (9th Cir. 2016).

Plaintiffs' counsel is therefore entitled only to a reasonable statutory fee award. Plaintiffs' counsel used the lodestar method to calculate the proposed statutory fee amount. Although the proposed hourly rates appear appropriate, the summary of the time spent on this case does not provide the Court with adequate information to determine whether the number of hours expended on this litigation was reasonable. Further, although not determinative of reasonableness, it is worth noting that the amount plaintiffs' counsel is seeking – even without including the proposed contingent fee amount – vastly exceeds what they could recover under the common-fund method, where the benchmark is 25%. *See, e.g.*, *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2014 WL 12643008, at *7 (N.D. Cal. Dec. 26, 2014). Finally, plaintiffs' counsel have not explained why it would not be more appropriate for the Court to defer ruling on attorneys' fees until after putative plaintiffs have had an opportunity to opt in, since the actual value of the settlement is highly dependent upon the response rate of the putative plaintiffs.

The plaintiffs' motion for approval of the proposed settlement is therefore denied without prejudice. The plaintiffs may file a new motion addressing the above issues within 30 days of the date this order is filed. In the event no new motion is filed, a telephonic case management conference will take place on March 13, 2018 at 2:30 p.m. The plaintiffs must email a conference line and access code to use during the hearing to vccrd@cand.uscourts.gov, copying

opposing counsel, no later than three court days prior to the case management conference.

**IT IS SO ORDERED.**

Dated: January 22, 2018

_____
VINCE CHHABRIA
United States District Judge