Gary M. Messing, Esq. (S.B. No. 075363)
Cathleen A. Williams, Esq. (S.B. No. 068029)
Ronald Yank, Esq. (S.B. No. 041200)
Christopher D. Burdick, Esq. (S.B. No. 042732)
CARROLL, BURDICK & McDONOUGH
400 Capitol Mall, Suite 1400
Sacramento, CA 95814
(916) 446-2222

Attorneys for Plaintiffs and Consenters



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA STATE EMPLOYEES ASSOCIATION; RONALD MADDOX, et al.,

Plaintiffs,

v.

STATE OF CALIFORNIA; et al.,

Defendants.

No. CIVS 91-1268 LKK-GGH

SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT And RELEASE (hereinafter "Agreement") is entered into by and between CALIFORNIA STATE EMPLOYEES ASSOCIATION; RONALD MADDOX, LORELEI NYLANDER and LARRY B. SCHNEIDER, on behalf of themselves and on behalf of other Consenters as defined herein (hereafter collectively referred to as "Plaintiffs" or "Consenters") and Defendants, STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION, a subdivision of the STATE OF CALIFORNIA (hereafter, collectively, "State" or "Defendants").

/ / /

## I. RECITALS

A. Plaintiffs initiated a lawsuit on September 19, 1991 i the United States District Court, Eastern District of California entitled CSEA, Maddox, et al. v. State of California, et al., Case No. CIVS 91-1268-LKK-GGH (hereafter "the Action").

B. Plaintiffs alleged in the Action (1) that they were employed by the State, and (2) that overtime compensation under the Fair Labor Standards Act (FLSA 29 USC 201, *et seq.*) was due and unpaid to them since 1986.

C. The parties now desire to resolve and settle all overtime-related and FLSA-related disputes between them set fort in the Complaint arising after April 15, 1986, and continuing through the effective date of this Agreement, regarding the alleged failure of the State to pay Plaintiffs at the rate of time-and-one-half (1-1/2) for hours worked in excess of forty (40) in any work week, including, but not limited to, all matters which were raised or could have been raised in the Action.

D. The parties consider this Agreement to be a fair and equitable one with respect to all Plaintiffs and Consenters.

E. In consideration of the promises described in this Agreement the parties agree as follows:

## II. CONSENTERS

A. Consenters consist of approximately 120 State employees who have filed consents with the Court on or before August 1, 1993. For the purposes of this Agreement, Consenters shall include certain persons in the job classification of Investiga-

tion Specialist I, and Fruit and Vegetable Quantity Control Inspector II. Any Consenter in this litigation who was not transferred from Work Week Group 4C who is entitled to unpaid overtime by virtue of belonging to Work Week Groups 1, 2, 4A, 4B or 4D, and whose claims are not resolved in this case, shall have the right to either file another lawsuit or transfer into another pending lawsuit and their recovery period shall be determined by the date of filing and pendency of their Consent in the current action.

B. The parties agree that the appropriate recovery period to be applied for the purpose of settlement is two (2) years prior to the filing of each consent, until the effective date of this Agreement. Consenters who filed consents after January 27, 1992, shall be deemed to have filed consents as of such date due to the fact that tolling of statute of limitations was in effect after such date. Accordingly, the employees entitled to recovery pursuant to this Agreement shall be those employees of the State who have filed consents in this action on or before August 1, 1993.

## III. THE SETTLEMENT SUM

A. In full settlement of this action, the State shall pay to each Consenter as stipulated damages for unpaid wages and liquidated damages the Individual Amounts determined by applying the formula set out in section IV, *infra*. That amount (hereafter referred to as "the Settlement Sum") shall be paid to each Consenter as set forth herein.

B. The State agrees to pay to each Consenter one hundred percent (100%) of his/her unpaid overtime calculated at time and one-half the regular rate of pay and an additional fifty percent (50%) of that amount as liquidated damages, to be calculated on an employee-by employee basis pursuant to section IV, <u>infra</u>. Said calculation shall include the addition of any so-called "premium pay" to the base salary prior to arriving at the hourly overtime rate. Compensatory time off earned by Consenters at straight time and used at straight time shall be compensated only for the remaining half-time as back wages, with an additional 50% of that amount as liquidated damages. Plaintiffs and/or Consenters agree to and hereby do waive their right to trial in the action.

1. <u>Timing of Payment: Interest on Unpaid Balance:</u> Payment of undisputed damages, attorneys' fees (except statutory attorneys' fees -- see Section VI(F), <u>infra</u>) and costs shall be made no later than December 31, 1993. Interest at the rate of ten percent (10%) per annum shall accrue on the unpaid balance(s) commencing December 31, 1993.

IV. <u>THE FORMULA</u>

A. The sum to be paid to each Plaintiff and/or Consenter (hereafter "Individual Amount") shall be determined as follows:

1. Defendants will calculate the number of days during which each Consenter worked during the period from two (2) years prior to filing the employee's Consent through the date of settlement, plus the period of tolling if applicable (the

recovery period). For the purpose of determining the number of days worked, Defendants shall include as hours worked any day in which a Consenter was on paid leave of absence (vacation, holiday, CTO under Labor Code Section 4800, sick leave, etc.)

(a) If a Consenter changed his/her status within a State payroll period (hereinafter "pay period") -- e.g. transferred, changed shift or job assignments, received a pay increase or promotion -- that employee shall be deemed to have been in the new status throughout the pay period if he or she was in the new status for eleven (11) or more working days during that month.

2. Defendants shall ascertain the regular overtime hourly pay rates applicable to hours worked by each Consenter in each separate job classification of the date in which said job classification was transferred from Work Week Group 4C. "Hourly pay rates" shall be based upon the base pay rates set out in the Memorandum of Understanding or State Pay Scale applicable to each employee, plus five percent (5%) of that amount if not already included in the base pay rate of pay at the time of transfer. It is understood that the overtime hourly pay rates to be utilized in this calculation shall be based upon the "regular" rate of pay as defined by the FLSA and includes applicable premium payments, such as bilingual pay.

3. Defendants shall determine the classification of each Consenter during each pay period during the recovery period.

/ / /

/ / /

4. Calculation of Individual Damages:

The State shall immediately commence to make available to each Consenter pay records and other source materials necessary to the calculation of uncompensated overtime. By no later than November 30, 1993, each individual Consenter will review this documentation and calculate, on a month-by-month basis, on forms approved by the parties, unpaid overtime hours. Supervisory personnel will review and verify each form, and areas of dispute will be identified. When completed, such forms will be forwarded through the chain of command to each Department's labor relations officer or personnel officer. Disputes will be referred to respective counsel, who will attempt to resolve them informally. If counsel are unable to resolve a dispute by December 31, 1993, the State shall perform the calculation described in the following paragraph based upon its determination regarding hours worked, with the Consenter reserving the right to challenge the State's computation of unpaid hours before the Magistrate pursuant to the following paragraph.

The State shall provide each individual Consenter with an individual accounting of his/her time and potential recovery, explaining the basis therefore, on or before December 31, 1993. Each Consenter shall have until January 31, 1994 to lodge any complaint or objections thereto, and the parties shall agree upon an informal dispute resolution procedure, with disputes not resolved in that venue to be resolved, on a final and binding basis, by the Magistrate.

In calculating the back pay, the State shall use the "regular" rates of pay for each classification applicable at the time the employee's work week group was changed from 4C, plus five percent (5%) of that amount if not already included in the base rate of pay. The State shall treat as "time worked" all time spent by Consenters in a "paid leave" status.

The Defendants agree to pay all undisputed sums on or before December 31, 1993, even if there are disputed sums that are placed before the Magistrate for resolution. With respect to disputed sums, should an employee prevail before the Magistrate, that employee would be entitled to any relief, including full liquidated damages during the recovery period. Should the Consenter's recovery be less than the last offer of Defendants made at least two weeks prior to the hearing date scheduled with the Magistrate, the Defendants may charge the Consenter with legally recoverable costs attributed to the hearing on that Consenter's disputed amounts. Any release that is executed regarding undisputed amounts shall reflect that disputed amounts are still being litigated.

B. Subject to the other provisions of this Agreement, each Plaintiff/Consenter shall receive his/her Individual Amount, as set forth below with a Release. The settlement sum shall be paid in two separate checks to the employee: one for back pay; one for liquidated damages. By acceptance of this Agreement, Plaintiffs, and each of them, direct the State to deduct from the Settlement Sum those amounts identified by their attorneys for

contractual attorneys' fees. The percentage of attorneys' fees shall be set forth in each Consenter's release that must be signed by each Consenter prior to receipt by each Consenter of the specified recovery. Plaintiffs and their attorneys, together and separately, agree to hold harmless and indemnify the State against any claims relating to payments to Plaintiffs' attorneys where a release has been executed. It is understood that such amounts shall be paid directly to Plaintiffs' attorneys and shall be deducted before any other deductions from the back pay portion of the settlement.

It is understood that the amounts paid to Plaintiffs and Consenters under this Agreement as overtime constitutes back wages and, accordingly, Defendants shall make appropriate deductions for federal, state and local taxes and any other deductions required by law. It is understood that sums paid as liquidated damages and attorneys' fees are not subject to withholding.

## V. PROSPECTIVE RELIEF

These provisions shall not bar the State from redesignating certain employees as exempt from the provisions of the FLSA if the State determines that they meet all current parameters for such exemption, including the salary test and, if applicable, the 1988 letter rulings re: the administrative exemption. Plaintiffs and Consenters do not waive any of their rights to challenge such future redesignation.

If full payment of undisputed amounts for the Settlement Sums and statutory attorneys' fees is not tendered and received

by December 31, 1993, Plaintiffs and Consenters shall be entitle to treat this as a final Judgment and move the Court to enforce this agreement. The Court shall retain jurisdiction in this matter until all individual claims are resolved.

VI. ADDITIONAL TERMS

A. Interest. The State shall pay interest on undisputed settlement sums including attorneys' fees at the annual rate of ten percent (10%) commencing December 31, 1993 until the time of payment.

B. Time of Payment. The undisputed Settlement Sums shall be paid in one payment, including any interest, on or before December 31, 1993. In the event that disputed sums are later settled or awarded by the Magistrate, interest will accrue at the rate of ten percent (10%) per annum, compounded monthly, beginning on thirty (30) days from the signed settlement or award, and continuing until the Settlement Sum, including such interest, is paid. Such interest shall accrue on statutory attorneys' fees and costs, commencing when they are due under this Agreement.

C. Retirement. It is understood that neither Plaintiffs nor Defendants will contribute any additional sums to the Public Employees Retirement System (PERS) fund as a result of this settlement. Plaintiffs expressly acknowledge that any sum they receive as a result of this Settlement Agreement constitutes compensation for overtime, liquidated damages, attorneys' fees and/or interest and will not be utilized in calculating any retirement benefits as provided by Government Code Section 20022(b)(g),

and that Defendants will not contribute any additional amount to PERS based upon the Individual Settlement Sum(s).

D. Other Benefits. It is further understood that no Plaintiff or Consenter shall receive any other employment benefit, including but not limited to, vacation, sick leave, and compensatory time, as a result of this settlement.

E. Names and Addresses. Upon request, the State shall give to counsel for the Consenters the last known names and addresses of all Consenters, based on State employment, payroll or retirement records.

F. Statutory Attorneys' Fees and Costs: In addition to the sums provided in Sections IV and VI herein, the State shall pay, within thirty (30) days after the effective date of Settlement, reasonable costs allowed by federal law and reasonable attorneys' fees based upon the rate of $200.00 per hour for attorneys, and $85.00 per hour for law clerks, paralegals and investigators, as full, total and complete compensation, under 29 USC 216(b), for its reasonable statutory attorneys', law clerk, paralegal, and investigator fees through the date of execution of the Settlement Agreement. For work to be performed in the future matters, including but not limited to (1) finalization of the Settlement Agreement, (2) fairness hearings, if any, (3) representation of individual Consenters in accounting disputes and appeals, (4) attendance at meetings of the Consenters and with Consenters or groups of Consenters, prior to and after the settlement and any approval thereof before the Court, to

explain the Settlement and obtain agreement thereto, (5) appearances before the Court and/or Magistrate in regards to the above, and (6) travel time and expenses in regards to the above, Defendants agree to pay $150.00 per hour for attorneys, and $75.00 per hour for law clerks, paralegals and investigators. All non-contested amounts shall be paid within thirty (30) days of submission to Defendants' counsel. Plaintiffs' counsel shall be notified within fifteen (15) days of any contested fee amounts which shall be submitted immediately by both parties to the Magistrate for resolution.

G. Press Release. The parties agree to prepare a joint press release upon execution of the Settlement Agreement.

H. Retaliation. The State agrees to notify Departments employing Consenters that have obtained a recovery in this action, that it is illegal to retaliate against any employee for exercising his or her rights under the FLSA. Defendants agree not to retaliate against employees exercising rights under the FLSA, for participating in this lawsuit, or for obtaining a settlement herein.

I. Good Faith Agreement. All parties and their counsel shall exercise good faith and due diligence in complying in a timely manner with all of the provisions of the Settlement Agreement. Where time limits are specified, the parties agree that the time in meeting those deadlines is of the essence and a critical element of this agreement.

/ / /

VII. RELEASE AND WAIVER OF RIGHTS

A. In consideration of the State's payment of the Settlement Sum, Plaintiffs and/or Consenters on behalf of themselves, their heirs, executors, administrators, successors and assigns, hereby fully and forever release, discharge and covenant not to sue or otherwise institute or cause to be instituted or in any way actively participate in or voluntarily assist in the prosecution of any legal or administrative proceedings against the State of California, its predecessors, successors, related entities, affiliates, officers, agents, employees, attorneys, and/or assigns with respect to any FLSA matter arising out of their employment in the State arising after April 15, 1986, and continuing through the date of this Agreement, concerning those matters which were raised or could have been raised in the Complaint. Plaintiffs and Consenters further represent and warrant that they have not assigned any claim for wages or authorized any other person or entity to assert a claim for wages on their behalf.

B. This Settlement Agreement and Release extends to all claims of any nature as described in the preceding paragraphs, known or unknown, suspected or unsuspected, and all rights under Section 1542 of the California Civil Code are expressly considered and waived, except for disputed amounts which shall be resolved pursuant to the procedures set forth herein. Civil Code Section 1542 reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the

time of executing the release which, if known by him, must have materially affected his settlement with the debtor."

C. Nothing contained in this Settlement Agreement and Release shall constitute or be treated as an admission of liability or wrongdoing by the State, its predecessors, successors, related entities, affiliates, officers, agents, employees, attorneys and/or assigns. Any and all liability or wrongdoing is hereby expressly denied. Plaintiffs further acknowledge that a bona fide dispute exists between the parties as to the entitlement, if any, of Consenters to overtime compensation; as to the application of the Fair Labor Standards Act to the Action and to the affected employees; as to the exempt status of affected employees; as to whether Plaintiffs exhausted their administrative remedies; and other issues. This Settlement Agreement and Release is the result of a good faith compromise in light of the disputed issues.

D. Before a Consenter is entitled to receive any settlement proceeds, the Consenter shall sign the form of a release contained in Appendix A hereto. In the event a Consenter refuses to sign the release contained in Appendix A, or if a Consenter withdraws his/her Consent, that Consenter shall not be entitled to receive any sum under this Agreement.

VIII. DECEASED AND UNLOCATED CONSENTERS

A. Deceased Consenters. Individual Amounts will be calculated for deceased Consenters. Plaintiffs' counsel or designee shall calculate uncompensated overtime, subject to Defendant's

review and approval. Where possible, Defendants will make payment to the individual previously designated by the deceased Consenter as the beneficiary of the death benefits provided by the Retirement System in which the Consenter participated, and obtain a release from that individual.

B. Unlocated Consenters. Individual Amounts also will be calculated for individuals who have left State service. Plaintiffs' counsel or designee shall calculate uncompensated overtime, subject to Defendant's review and approval. Defendant will make reasonable efforts to locate any Consenter who has left State service through its payroll, retirement, and personnel records.

## IX. RECORDS - AUTHORIZATION TO RELEASE.

Upon request, the State will provide to Plaintiffs' counsel information within its payroll and personnel files which could assist counsel for Plaintiffs in locating Consenters and their beneficiaries. Such information may include, if available, Consenters' Social Security numbers, birth dates, driver's license numbers, and addresses of family members and beneficiaries, subject to any applicable law or rule in regards to the confidentiality of such records. Each Consenter, by accepting this Settlement Agreement, authorizes the State to release to his/her counsel information necessary to comply with its terms. Plaintiffs and Consenters agree to hold the State harmless for the disclosure of such information.

/ / /

## X. EFFECTIVE DATE

A. This Agreement shall become effective once signed by all named Plaintiffs and Defendants, and upon Court approval.

B. The parties will submit to the Court, if it approves this Settlement Agreement and Release, a proposed Order Approving Settlement Agreement in this action, the terms of which are set forth in Appendix B to this Agreement.

## XI. ACKNOWLEDGEMENTS

A. This Settlement Agreement and Release contains the entire agreement between the parties. The terms of this Agreement are contractual and not a mere recital. This Agreement is executed without reliance upon any representation by any person concerning the nature or extent of injuries or legal liability therefore.

B. Plaintiffs further acknowledge that they have read and understand this Settlement Agreement and Release, and that they have affixed their signatures hereto voluntarily and without coercion. Plaintiffs further acknowledge that they have been represented by counsel concerning the waivers contained in this Agreement, and that all such waivers are knowing, conscious and with full appreciation that they are forever foreclosed from pursuing any of the rights so waived.

/ / /

/ / /

/ / /

/ / /

C. The attorneys whose signatures are set forth below represent that their clients have authorized the settlements set forth in this Agreement.

Dated: 11/22/93 CARROLL, BURDICK & McDONOUGH

By: [signature]
Gary M. Messing
Attorneys for Plaintiffs/Consenters

Dated: 12/9/93 CALIF. DEPT. OF PERSONNEL ADMINISTRATION

By: [signature]
Paul M. Starkey
Attorneys for Defendants CALIFORNIA DEPARTMENT OF PERSONNEL ADMINISTRATION, STATE OF CALIFORNIA

Approved as to Form:

[signature]
Gary M. Messing
Date: 11/9/93

Approved as to Form:

[signature]
Paul M. Starkey
Date: ~~12/9/93~~ 11/19/93

s3c:\csea-4c\stlmt.agr

United States District Court
for the
Eastern District of California
January 4, 1994

dav

* * CERTIFICATE OF SERVICE * *

2:91-cv-01268

CA State Empl Assn

v.

State of California

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on January 4, 1994, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher William Waddell SJ/LKK
California Department of Personnel Administration
Legal Division
1515 S Street, North Building
Suite 400
Sacramento, CA 95814-7243

Gary Marc Messing
Carroll Burdick and McDonough
Wells Fargo Center
400 Capitol Mall
Suite 1400
Sacramento, CA 95814

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk