

ORIGINAL FILED

DEC 19 1994

JACK L. WAGNER, CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

1    Christopher D. Burdick, Esq. (SB #042732)
2    Ronald Yank, Esq. (SB #041200)
3    Gary M. Messing, Esq. (SB #075363)
     Cathleen A. Williams, Esq. (SB #068029)
     CARROLL, BURDICK & McDONOUGH
4    400 Capitol Mall, Suite 1400
     Sacramento, CA 95814
5    (916) 446-2222

6    Attorneys for Plaintiffs/and Consenters

7

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10
    CALIFORNIA UNION OF SAFETY
11   EMPLOYEES, JOSE M. PHILLIPS,       No. CIVS 90-0167 LKK-GGH
    et al.,
12            Plaintiffs,
13      v.                 SETTLEMENT AGREEMENT
    STATE OF CALIFORNIA; et al.,     AND RELEASE
14
           Defendants.
15

16      This SETTLEMENT AGREEMENT (hereinafter "Agreement") is

17   entered into by and between Plaintiff CALIFORNIA UNION OF SAFETY

18   EMPLOYEES (CAUSE), on behalf of Plaintiffs JOSE M. PHILLIPS,

19   WILLIAM CORAZZA, EARL DOOR, EDWARD J. GINGRAS, DONALD W. GROSS,

20   MASAAKI J. HORI, DAVID J. SHUE, DAVID A. WILLIAMS, and MARGARET

21   YARBROUGH, and on behalf of other "Consenters" as defined herein

22   (hereafter collectively referred to as "Plaintiffs" or "Consent-

23   ers") and Defendants, STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT

24   OF PERSONNEL ADMINISTRATION, a subdivision of the STATE OF CALIF-

25   ORNIA and various signatory state appointing powers for whom the

26   consenters are/were employed in various state civil service

SETTLEMENT AGREEMENT AND RELEASE                 1

classifications (hereafter, collectively, "State" or "Defendants").

## I.   RECITALS

A.   Plaintiff CAUSE and JOSE M. PHILLIPS, WILLIAM CORAZZA, EARL DOOR, EDWARD J. GINGRAS, DONALD W. GROSS, MASAAKI J. HORI, DAVID J. SHUE, DAVID A. WILLIAMS, AND MARGARET YARBROUGH initiated a lawsuit on February 7, 1990 in the United States District Court, Eastern District of California, entitled CAUSE, Phillips, et al. v. State of California, et al., Case No. CIVS 90-0167 LKK-GGH (hereafter "the Action").

B.   Plaintiff CAUSE and the above-named individuals alleged in the Action  (1) that the individuals were employed by the State, and  (2) that overtime compensation under the Fair Labor Standards Act ("FLSA") (29 USC 201, et seq.) was due and unpaid to them since 1986.

C.   CAUSE and the Defendants now desire to resolve and settle all overtime-related and FLSA-related disputes between them as set forth in the Complaint arising after April 15, 1986, and continuing through the effective date of this Agreement, regarding the alleged failure of the State to pay Consenters at the rate of time-and-one-half (1-1/2) for hours worked in excess of forty (40) in any work week, including, but not limited to, all matters which were raised, or could have been raised, in the Action.

D.   The parties consider this Agreement to be a fair and equitable one with respect to all Plaintiffs and Consenters.

SETTLEMENT AGREEMENT AND RELEASE

2

E.   In consideration of the promises described in this
Agreement the parties agree as follows:

## II.   CONSENTERS

A.   The Consenters number approximately 2,050 State emp-
loyees who have filed with the Court Consents to be represented
by Plaintiff CAUSE and its counsel.

B.   The parties agree that the appropriate recovery period
to be applied for the purpose of settlement is two (2) years
prior to the filing of each Consent, through the effective date
of this Agreement.

C.   The parties have previously agreed to, and have effec-
tuated, a claims process under which Consenters filed claims for
alleged amounts due during the recovery period.   Pursuant to its
terms, which were known to Consenters, the time for filing such
claims under the process has now passed.

## III.   THE SETTLEMENT SUM

A.   In full settlement of this action, the State, by each
signatory appointing power, shall pay to each Consenter as stipu-
lated damages for unpaid wages and liquidated damages the Indi-
vidual Amounts determined by applying the formula set out in
Section IV, *infra*. That amount (hereafter referred to as "the
Settlement Sum") shall be paid to each Consenter as set forth
herein.

B.   The State, by each signatory appointing power, agrees
to pay to each Consenter  (1) one hundred percent (100%) of
his/her unpaid overtime calculated at time and one-half the

SETTLEMENT AGREEMENT AND RELEASE                                3

1  regular rate of pay and  (2) an additional fifty percent (50%),

2  or seventy-five percent (75%), pursuant to the alternative

3  formula as set forth in Section IV, (A)(3), *infra*, or 100%

4  pursuant to an arbitration award as set forth in Section IV.A(4),

5  *infra*, of that amount as liquidated damages, to be calculated on

6  an employee-by employee basis, pursuant to Section IV, *infra*.

7  Said calculation shall include the addition of any so-called

8  "premium pay" as part of the base salary in determining the

9  hourly overtime rate.  Compensatory time off earned by Consenters

10  at straight time shall be compensated only by crediting the

11  remaining half-time as back wages, with an additional percentage

12  of that amount as liquidated damages, according to the formula

13  set forth in Section IV hereinbelow.

14      1.  Timing of Payment: Interest on Unpaid Balance:

15  Payment of:  (a) attorneys' fees, including law clerk,

16  paralegal, and investigator fees through August 31, 1994, in the

17  amount of $600,000.00 (except post-settlement statutory attor-

18  neys' fees (hereafter "post-settlement fees"; see Section VI(F),

19  *infra*)), and  (b) costs in the amount of $115,147.00 shall be

20  made no later than December 28, 1994. If 90% or more of the ini-

21  tial undisputed amounts, other than those owed Consenters by

22  California Conservation Corps, is not paid by February 15, 1995,

23  the voluntary reduction by Plaintiffs' counsel of $435,000.00

24  from their statutory fees claimed through August 31, 1994 shall

25  become null and void and the sum of $435,000.00 shall become

26  immediately due and owing.  Additionally, pursuant to Section

SETTLEMENT AGREEMENT AND RELEASE                                   4

(1)(a) of "Exhibit E" hereto, if 90% or more of the undisputed claims against California Conservation Corps is not paid within 90 days of the execution of this Settlement Agreement, the voluntary reduction by Plaintiffs' counsel of $435,000.00 from their statutory fees claimed through August 31, 1994 shall become null and void and the sum of $435,000.00 shall become immediately due and owing.  For the purposes of this section only, "initial undisputed amounts" shall not include supplemental claims submitted to the State after the execution of this Settlement Agreement.  All attorneys' fees and costs incurred after August 31, 1994, shall be deemed to be part of the post-settlement fees. Post-settlement fees incurred between August 31, 1994 through March 31, 1995, shall be billed to the State on April 1, 1995, and shall be considered due on or before May 15, 1995.  Post-settlement fees accrued after March 31, 1995, shall be billed to the State on or before October 1, 1995, and continuing on a six-month billing cycle.  All such billings are deemed payable within 60 days of receipt of the billing, with interest at the rate of twelve percent (12%) per annum simple interest accruing on any unpaid post-settlement fees which are not paid within 90 days after the billing date, with interest calculated from the date of the original billing.

Interest at the rate of twelve percent (12%) per annum simple interest shall accrue on the unpaid balance after March 2, 1995, for unpaid undisputed damages, not including post-settlement fees, calculated as of January 17, 1995 or later when the amounts

SETTLEMENT AGREEMENT AND RELEASE

became undisputed by reason of settlement or award.

IV.  THE FORMULA

A.    The sum to be paid to each Consenter (hereafter "Individual Amount") shall be determined as follows:

1.    Defendants will calculate the number of days and hours during which each Consenter worked except as specifically provided herein from two (2) years prior to the date of filing the employee's Consent through the specified date of claimed amounts by Consenters (hereafter "recovery period").  Except as otherwise provided herein, for the purpose of determining the number of days worked, Defendants shall include as hours worked any day in which a Consenter was on paid leave of absence (vacation, holiday, CTO under Labor Code Section 4800, sick leave, etc.), other than sick leave as excluded from hours worked pursuant to applicable Memoranda of Understanding entered into pursuant to the Dills Act, as of the actual date such sick leave began to be excluded under such MOU's for affected employees.

(a)    If a Consenter changed his/her status within a State payroll period (hereinafter "pay period") (e.g. transferred, changed shift or job assignments, received a pay increase or promotion), that employee shall be deemed to have been in the new status throughout the pay period if he or she was in the new status for eleven (11) or more working days during that month.

2.    Defendants shall ascertain the regular overtime hourly pay rates applicable to hours worked by each Consenter in their last job classification covered by this lawsuit (except for

those appointing powers opting to use the historical rate formula as set forth in Section IV, *infra* .  "Hourly pay rates" shall be based upon the base pay rates set out in the Memorandum of Understanding or Official State Pay Scales applicable to each employee effective July 1, 1994, except as specifically provided herein.  It is understood that the overtime hourly pay rates to be utilized in this calculation shall be based upon the "regular" rate of pay as defined by the FLSA and includes applicable premium payments, such as bilingual pay.

    3.  <u>Alternative formula employing historical rates</u> <u>of pay</u>.  The above provisions, particularly III(B), and IV(A)(2), are denominated as the "current rate (as of July 1, 1994): 50% liquidated damages formula".  Signatory appointing powers may, however, elect to use an alternative formula employing historical rates of pay for each pay period in which a claiming Consenter was employed by such appointing power in a classification covered by this lawsuit.  Under the terms of agreement if such election is made by a signatory appointing power, the State, by each signatory appointing power, shall determine the classification of each Consenter during each pay period during the recovery period. All signatory appointing powers shall be subject to all of the terms of this Agreement, with the exception of the California Conservation Corps, the California Department of Corrections, and the Western States Information Network of the Department of Justice, which signatory appointing powers or divisions thereof shall have terms identical to those set forth herein except as

SETTLEMENT AGREEMENT AND RELEASE

7

set forth in "Exhibit E" to this Agreement.  The terms of "Exhib-
it E" shall prevail where there is a conflict with the terms of
the Settlement Agreement and Release.

      4.   <u>Calculation of Individual Damages:</u>

      Consenters have completed claim forms, which have been
forwarded through the chain of command to each Department's Labor
Relations Officer or Personnel Officer and to DPA.  All disputed
and undisputed hours shall be clearly identified by the respec-
tive departments by January 17, 1995.  For any Consenter's claim
to which the State fails to respond by January 17, 1995, the
entire claim shall be deemed undisputed.

     By January 17, 1995, the State shall provide each individual
Consenter, by delivery to CARROLL, BURDICK & McDONOUGH, with an
individual accounting of his/her time and disputed and undisputed
amounts, explaining the basis therefor, and shall provide a copy
of the Release to be signed by each Consenter, stating the
percentage of liquidated damages; the calculation of the recovery
(undisputed hours multiplied by applicable pay rate); the amount
of contractual attorneys' fees deducted and the applicable
percentage used to calculate such fees (to be provided to the
State by Plaintiffs' attorneys); and the hours and dates of time
worked that remains disputed.  This shall be deemed the State's
first offer for purposes of arbitration pursuant to Section IV(C)
herein.

SETTLEMENT AGREEMENT AND RELEASE

8

The signatory State appointing powers agree to pay all undisputed sums on or before February 15, 1995, even if there are disputed sums which may be submitted to the arbitration process for resolution. With respect to disputed sums, should an employee prevail before the Arbitrator, that employee shall be entitled to full relief, including full liquidated damages during the recovery period. Any Release executed regarding undisputed amounts shall reflect that disputed amounts are still being litigated.

B. <u>Supplemental Claims</u>: Supplemental Claims for Consenters experiencing alleged continuing violations of the Fair Labor Standards Act may be submitted to the State following the execution of this Settlement Agreement and no later than January 3, 1995. Each such Supplemental Claim shall be forwarded to the department's Labor Relations Officer or Personnel Officer by the Department of Personnel Administration. All disputed and undisputed hours shall be clearly identified by the respective departments within 45 days of the receipt.

1. The undisputed hours for each Consenter shall be paid within 75 days of the Consenter's initial submission of such Supplemental Claim. For any Consenter's Supplemental Claim to which the State fails to respond within 45 days of the date of receipt, the entire Supplemental Claim shall be deemed undisputed.

2. With respect to any hours disputed by the department, the Consenter may make a demand and serve it upon the

SETTLEMENT AGREEMENT AND RELEASE                                    9

Department of Personnel Administration no later than February 24, 1995.

      3.   Either the Consenter or the State may alter the demand or offer in writing and serve it upon the other party no later than March 8, 1995, if the other party has not previously agreed to the other party's offer or demand.  The March 8, 1995 offer or demand may be accepted by the other party any time prior to the commencement of that Consenter's arbitration proceeding. After March 8, 1995 and before the Consenter's arbitration is scheduled, the parties may mutually agree to settle that Consenter's claim.  If such Consenter disputes the State's response to both his original and supplemental claims, both shall be arbitrated at the same time, as outlined in Section IV.D hereinbelow.

C.   <u>Payment to Consenter</u>.  Subject to the other provisions of this Agreement, each Plaintiff/Consenter shall receive his/her Individual Amount, as set forth below upon execution of a Release.  The Settlement Sum shall be paid in two separate checks to the employee:  (1) one for back pay; and  (2) one for liquidated damages.  By acceptance of this Agreement, Plaintiffs on behalf of Consenters direct the State to deduct from the Settlement Sum those amounts identified by the attorneys for contractual attorneys' fees.  The percentage of attorneys' fees shall be set forth in each Consenter's Release (a sample of which is attached hereto as "Exhibit A") that must be signed by each Consenter prior to receipt by each Consenter of the specified



SETTLEMENT AGREEMENT AND RELEASE                                    10

1  recovery.  CAUSE, and individual Releasor Consenters and their

2  attorneys, together and separately, agree to hold harmless and

3  indemnify the State against any claims relating to payments to

4  Plaintiffs' attorneys where a Release has been executed.  It is

5  understood and agreed that such amounts shall be paid directly to

6  Plaintiffs' attorneys and although calculated on the total

7  damages (liquidated damages and back pay), attorneys' fees shall

8  first be deducted before any other deductions only from the back

9  pay portion of the settlement.

10      It is understood and agreed that the amounts paid to Plain-

11  tiffs and Consenters under this Agreement as overtime shall be

12  treated as back wages and, accordingly, Defendants shall make

13  appropriate deductions for federal, state and local taxes and any

14  other deductions required by law.  It is understood that sums

15  paid as liquidated damages and attorneys' fees are not subject to

16  withholding.

17      D.  Arbitration Procedure:

18      An Arbitrator shall be chosen, either by mutual agreement of

19  the parties or, if mutual agreement is not possible, by obtaining

20  a list of seven arbitrators from State Conciliation Service or

21  the American Arbitration Association.  The costs of arbitration

22  shall be borne by the State except as provided below.  Commencing

23  April 10, 1995, or as otherwise agreed,  the Arbitrator shall be

24  scheduled to hear consecutively all disputed claims.  The arbi-

25  trator will decide, on a final and binding basis, all factual

26  issues concerning hours worked by employees and the arbitrator's

SETTLEMENT AGREEMENT AND RELEASE

11

decision shall be final and binding.  Legal issues shall also be presented to the Arbitrator, including the application of factual determinations to legal questions (for example, whether stand-by or on-call hours are sufficient to constitute overtime worked).

Unless good cause is shown, each disputed claim shall be afforded no more than two hours of direct testimony.  An equal amount of time shall be provided for the Defendant as used by the Consenter, but no less than one hour.  Declarations may be used as direct testimony and may be used in lieu of live testimony. If either party desires to use declarations at the hearing, they will be served at least seven (7) days in advance of the hearing. Decisions of the Arbitrator shall be issued as bench decisions.

With respect to disputed claims, by February 15, 1995,  each Consenter shall make a demand and serve it upon the Department of Personnel Administration.  Either Consenter or State may alter the demand or offer in writing and serve it upon the other party no later than March 8, 1995, if the other party has not previously agreed to the other party's offer or demand.  The March 8, 1995 offer or demand may be accepted by the other party any time prior to the commencement of that Consenter's arbitration proceeding.  After March 8, 1995 and before the Consenter's arbitration is scheduled, the parties may mutually agree to settle that Consenter's claim.

If the Arbitrator makes an award which is calculated on the formula set forth herein, which results in a recovery which is closer to the demand made by the Consenter than to the offer of

the State, the Consenter shall be entitled to full liquidated damages, as described in Section IV.A(4) hereinabove, on his recovery. If the amount is closer to the amount of the offer made by the State, the Consenter shall be responsible for arbitration costs, which penalty shall be the pro rated charges of the Arbitrator based on the amount of the time attributed in the day or days to the Consenter. Such penalty shall be deducted from the Consenter's award after attorneys' fees are deducted and paid to Consenter's counsel. If the remaining amount is less than $-0.00-, the State may recoup those charges by deducting from the salary of Consenter in accordance with the provisions of Government Code Section 19838.

V.  PROSPECTIVE RELIEF

This Agreement shall not bar the State from redesignating certain employees as exempt from coverage by the FLSA if the State determines that they meet all current parameters for such exemption, including the salary test and, if applicable, the 1988 letter rulings re the administrative exemption. Plaintiffs and Consenters do not waive any of their rights to challenge such future redesignation.

If full payment of initial undisputed amounts for the Settlement Sums and statutory attorneys' fees is not tendered and received by March 2, 1995, Plaintiffs and Consenters shall be entitled to treat this as a final Judgment and move the Court to enforce this agreement. If amounts subsequently agreed to or awarded by arbitration are not paid within ninety (90) days of

SETTLEMENT AGREEMENT AND RELEASE                                    13

such agreement or award, Plaintiffs and Consenters shall be entitled to treat this as a final judgment and move the Court to enforce the judgment.  The Court shall retain jurisdiction in this matter until all individual claims are resolved.

VI.  ADDITIONAL TERMS

A.  Interest.  The State shall pay interest on undisputed settlement sums at the annual rate of twelve percent (12%) simple interest commencing when due under this agreement, until the time of payment.  Any interest accrued under the provisions of this Agreement shall be paid to the Consenter in a third, separate check, not subject to withholding taxes.

B.  Time of Payment.  The undisputed Settlement Sums shall be paid, on or before February 15, 1995, except as separately provided herein for CCC.  In the event that disputed sums are later settled or awarded by the Arbitrator, interest thereon shall accrue at the rate of twelve percent (12%) simple interest, beginning on forty-five (45) days from the signed agreement or award, and continuing until the Settlement Sum, including such interest is paid.  Interest shall also accrue on statutory attorneys' fees and costs, commencing when due under this Agreement.

C.  Retirement.  Except as determined by the Public Employees' Retirement System (PERS), it is understood that neither Consenters nor Defendants will contribute any additional sums at this time to PERS as a result of this settlement.  However, the parties agree that some Plaintiffs/Consenters contend that all or part of the unpaid wages received as damages pursuant to this

SETTLEMENT AGREEMENT AND RELEASE                                    14

1  Agreement constitutes compensation worked for purposes of
2  retirement.  The parties recognize that Defendants contest
3  Plaintiffs' and Consenters' claims.  The parties agree that the
4  matter of the appropriateness of compensation for such hours for
5  the purpose of calculation compensation for retirement purposes,
6  and for the purposes of making required contributions by the
7  employer and employee therefor, may be contested by some Plain-
8  tiffs/Consenters in a court or other body of competent jurisdic-
9  tion.  The parties agree that the settlement herein shall not
10 serve as an admission by either party, nor a waiver of either
11 party's rights to pursue a resolution of such claim.  The parties
12 agree that neither the settlement nor this Agreement shall
13 constitute collateral estoppel or *res judicata*.  The parties
14 agree as part of the post-settlement dispute resolution procedure
15 to submit to PERS any disputes regarding whether or not all or
16 part of the unpaid wages received as damages pursuant to the
17 agreement for retirement purposes.

18      Moreover, withholding of taxes and other appropriate deduc-
19 tions by the Defendants shall in no way constitute an admission
20 or be used as collateral estoppel or *res judicata* or evidence of
21 any kind in any further proceeding regarding whether or not all
22 or part of the amounts paid to Plaintiffs/Consenters in this
23 action constitutes compensation for regular hours of work for the
24 purposes of retirement.

25      D.  <u>Waiver of Right To Trial</u>.  Plaintiffs and/or Consenters
26 agree to and hereby do waive their right to trial in the action.

SETTLEMENT AGREEMENT AND RELEASE                              15

E.   <u>Other Benefits</u>.   It is further understood that no
Plaintiff or Consenter shall receive any other employment bene-
fit, including but not limited to, vacation, sick leave, and
compensatory time, as a result of this settlement.

F.   <u>Names and Addresses</u>.   Upon request, the State shall give
to counsel for the Consenters the last known names and addresses
of all Consenters, based on State employment, payroll or retire-
ment records.

G.   <u>Statutory Attorneys' Fees and Costs</u>:   In addition to
the sums provided in Sections IV and VI herein, the State shall
pay to CARROLL, BURDICK & McDONOUGH, by December 28, 1994, those
sums as set forth in III.B.1. above, as full, total and complete
compensation, under 29 USC 216(b), for its reasonable statutory
attorneys', law clerk, paralegal, and investigator fees through
the date of execution of the Settlement Agreement.   Additional
post-settlement fees may be required to be paid pursuant to the
conditions set forth in Section III.B.1 above.   For legal work to
be performed after August 31, 1994 and in future matters, includ-
ing but not limited to (1) finalization of the Settlement Agree-
ment, (2) fairness hearings, if any, (3) representation of
individual Consenters in accounting disputes and appeals, (4)
attendance at meetings of the Consenters and with Consenters or
groups of Consenters, prior to and after the settlement and any
approval thereof before the Court, to explain the Settlement and
obtain agreement thereto, (5) appearances before the Court and/or
Magistrate in regards to the above, and (6) travel time and

SETTLEMENT AGREEMENT AND RELEASE                                    16

expenses in regards to the above, Defendants agree to pay to CARROLL, BURDICK & McDONOUGH $150.00 per hour for attorneys, and $75.00 per hour for law clerks, paralegals and investigators. All non-contested amounts shall be paid within sixty (60) days of submission to Defendants' counsel.  Plaintiffs' counsel shall be notified within fifteen (15) days of any contested fee amounts which shall be submitted immediately by both parties to the Magistrate for resolution.

H.  <u>Retaliation.</u>  The State agrees to notify Departments employing Consenters who have obtained a recovery hereunder, that it is illegal to retaliate against any employee for exercising his/her rights under the FLSA.  Defendants agree not to retaliate against employees exercising rights under the FLSA, for participating in this lawsuit, or for obtaining a settlement herein.

I.  <u>Good Faith Agreement.</u>  All parties and their counsel shall exercise good faith and due diligence in complying in a timely manner with all of the provisions of the Settlement Agreement.  Where time limits are specified, the parties agree that the time in meeting those deadlines is of the essence and a critical element of this agreement.

VII.  <u>RELEASE AND WAIVER OF RIGHTS</u>

A.  In consideration of the State's payment of the Settlement Sum, Plaintiffs and/or Consenters on behalf of themselves, their heirs, executors, administrators, successors and assigns, hereby fully and forever release, discharge and covenant not to sue or otherwise institute or cause to be instituted or in any

SETTLEMENT AGREEMENT AND RELEASE                                    17

way actively participate in or voluntarily assist in the prosecution of any legal or administrative proceedings against the State of California, its predecessors, successors, related entities, affiliates, officers, agents, employees, attorneys, and/or assigns with respect to any FLSA matter arising out of their employment in the State arising after April 15, 1986, and continuing through January 3, 1995, concerning those matters which were raised or could have been raised in the Complaint.  Plaintiffs and Consenters further represent and warrant that they have not assigned any claim for wages or authorized any other person or entity to assert a claim for wages on their behalf.

B.    This Settlement Agreement and Release extends to all claims of any nature as described in the preceding paragraphs, known or unknown, suspected or unsuspected, and all rights under Section 1542 of the California Civil Code are expressly considered and waived, except for disputed amounts which shall be resolved pursuant to the procedures set forth herein.  Civil Code Section 1542 reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially affected his settlement with the debtor."

C.    Nothing contained in this Settlement Agreement and Release shall constitute or be treated as an admission of liability or wrongdoing by the State, its predecessors, successors,

SETTLEMENT AGREEMENT AND RELEASE                                    18

related entities, affiliates, officers, agents, employees, attorneys and/or assigns.  Any and all liability or wrongdoing is hereby expressly denied.  Plaintiffs further acknowledge that a bona fide dispute exists between the parties as to the entitle- ment, if any, of Consenters to overtime compensation; as to the application of the Fair Labor Standards Act to the Action and to the affected employees; as to the exempt status of affected employees; as to whether Plaintiffs exhausted their administra- tive remedies; and other issues.  This Settlement Agreement and Release is the result of a good faith compromise in light of the disputed issues.

D.   Before a Consenter is entitled to receive any settle- ment proceeds, the Consenter shall sign the form of a Release contained in "Exhibit A" hereto.  In the event a Consenter re- fuses to sign the Release contained in "Exhibit A," or if a Con- senter withdraws his/her Consent, that Consenter shall not be entitled to receive any sum under this Agreement.

VIII.   <u>CONSENTERS IN UNIQUE CIRCUMSTANCES</u>

A.   <u>Deceased Consenters</u>.  Individual Amounts will be cal- culated for deceased Consenters (a list is attached hereto as "Exhibit B").  Plaintiffs' counsel or designee shall calculate uncompensated overtime, subject to Defendant's review and app- roval.  Where possible, Defendants will make payment to the indi- vidual previously designated by the deceased Consenter as the beneficiary of the death benefits provided by the Retirement System in which the Consenter participated, and obtain a Release

SETTLEMENT AGREEMENT AND RELEASE                                    19

1    from that individual.

2        B.    Unlocated Consenters.   Individual Amounts also will be

3    calculated for individuals who have retired or otherwise left

4    State service.  Plaintiffs' counsel or designee shall calculate

5    uncompensated overtime, subject to Defendant's review and ap-

6    proval.  Defendants will make reasonable efforts to locate any

7    Consenter who has left State service through its payroll, retire-

8    ment, and personnel records.  A list of these Consenters is set

9    forth as "Exhibit C" hereto, but other Consenters may be added to

10   this list in the future and their names will be provided to

11   Defendants as expeditiously as possible.

12       C.    Consenters with Stipulated Filing Dates.  For purposes

13   of this lawsuit, it is agreed that the Consenters listed on

14   "Exhibit D" attached hereto shall be deemed to have filed their

15   Consents on the particular dates set forth next to their names.

16            IX.   RECORDS - AUTHORIZATION TO RELEASE.

17       Upon request, the State will provide to Plaintiffs' counsel

18   information within its payroll and personnel files which could

19   assist counsel for Plaintiffs in locating Consenters and their

20   beneficiaries.  Such information may include, if available,

21   Consenters' Social Security numbers, birth dates, driver's

22   license numbers, and addresses of family members and benefi-

23   ciaries, subject to any applicable law or rule in regards to the

24   confidentiality of such records.  Each Consenter, by accepting

25   this Settlement Agreement, authorizes the State to release to

26   his/her counsel information necessary to comply with its terms.

SETTLEMENT AGREEMENT AND RELEASE                              20

1   Plaintiffs and Consenters agree to hold the State harmless for
2   the disclosure of such information.

3                    X.   EFFECTIVE DATE

4        A.   This Agreement shall become effective once signed by
5   all named Plaintiffs and Defendants and upon Court approval.

6        B.   The parties will submit to the Court, if it approves
7   this Settlement Agreement and Release, a proposed Order Approving
8   Settlement Agreement, attached as "Exhibit F" to this Agreement.

9                   XI.   ACKNOWLEDGEMENTS

10       A.   This Settlement Agreement and Release contains the
11   entire agreement between the parties.  The terms of this Agree-
12   ment are contractual and not a mere recital.  This Agreement is
13   executed without reliance upon any representation by any person
14   concerning the nature or extent of injuries or legal liability
15   therefore.

16       B.   Plaintiffs further acknowledge that they have read and
17   understand this Settlement Agreement and Release, and that they
18   have affixed their signatures hereto voluntarily and without
19   coercion.  Plaintiffs further acknowledge that they have been
20   represented by counsel concerning the waivers contained in this
21   Agreement, and that all such waivers are knowing, conscious and
22   with full appreciation that they are forever foreclosed from
23   pursuing any of the rights so waived.

24
25
26

SETTLEMENT AGREEMENT AND RELEASE

C.   The attorneys whose signatures are set forth below represent that their clients have authorized the settlements set forth in this Agreement.

Dated: _12-14-94_          CALIFORNIA UNION OF
                           SAFETY EMPLOYEES


                           By: _____
                               Alan Barcelona
                           Its President


Dated: _12/14/94_          CARROLL, BURDICK & McDONOUGH


                           By: _____
                               Gary M. Messing
                           Attorneys for Plaintiffs/Consenters


Dated: _12-19-94_          STATE OF CALIFORNIA, DEPARTMENT
                           OF PERSONNEL ADMINISTRATION


                           By: _____
                               Christopher W. Waddell
                           Attorneys for Defendants
                           CALIFORNIA DEPARTMENT OF PERSONNEL
                           ADMINISTRATION, STATE OF CALIFORNIA

s3c:\cause\settle\stlmt.agr

SETTLEMENT AGREEMENT AND RELEASE                          22

Exhibits to Settlement Agreement

Exhibit A  -    Sample Consenter's Release

Exhibit B  -    List of Known Deceased Consenters

Exhibit C  -    List of Known Retired, Separated, Unlocated
Consenters

Exhibit D  -    List of Consenters with Stipulated Filing Dates

Exhibit E  - Addendum to Phillips Settlement Agreement

Exhibit F  - Proposed Order Approving Settlement Agreement

SETTLEMENT AGREEMENT AND RELEASE                                    23

1   Christopher D. Burdick, Esq. (SB #042732)                    "Exhibit A"
    Ronald Yank, Esq. (SB #041200)
2   Gary M. Messing, Esq. (SB #075363)
    Cathleen A. Williams, Esq. (SB #068029)
3   CARROLL, BURDICK & McDONOUGH
    400 Capitol Mall, Suite 1400
4   Sacramento, CA  95814
    (916) 446-2222
5

6   Attorneys for Plaintiffs/Consenters

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  CALIFORNIA UNION OF SAFETY              No. CIVS 90-0167 LKK-GGH
    EMPLOYEES, JOSE M. PHILLIPS,
12  WILLIAM CORAZZA, EARL DOOR,
    EDWARD J. GINGRAS, DONALD W.
13  GROSS, MASAAKI J. HORI, DAVID J.        GENERAL RELEASE OF
    SHUE, DAVID A. WILLIAMS, and            ANY AND ALL CLAIMS
14  MARGARET YARBROUGH, Individually
    and on behalf of other persons
15  similarly situated,

16                    Plaintiffs,

17       v.

18  STATE OF CALIFORNIA; and CALIFORNIA
    DEPARTMENT OF PERSONNEL ADMINISTRA-
19  TION, a subdivision of the STATE OF
    CALIFORNIA,
20                    Defendants.
    _____/
21

22  _____, hereinafter referred to as

23  "Releasor," and Defendants STATE OF CALIFORNIA; and CALIFORNIA

24  DEPARTMENT OF PERSONNEL ADMINISTRATION, a subdivision of the

25  STATE OF CALIFORNIA, and their predecessors, successors, related

26  entities, affiliates, officers, agents, attorneys and/or assigns,

GENERAL RELEASE OF ANY AND ALL CLAIMS                    *Exhibit A*   24

and each of them (hereinafter collectively referred to as "Releasees,") in consideration of the promises made herein, agree as follows:

1.  Releasor has filed a Consent, and thus has become a party, in that action generally referred to as CAUSE, Phillips, et al. v. State of California, et al., Case No. CIVS 90-0167 LKK-GGH, presently pending in U.S. District Court for the Eastern District of California, in which action it is alleged that the named Plaintiffs and numerous Consenters, including Releasor, who are (or were) employed by the STATE OF CALIFORNIA had performed uncompensated overtime work from April 15, 1986, and continuing through September 30 or the date of the execution of this Release whichever is later, for which Releasor claims entitlement to compensation under the Fair Labor Standards Act (FLSA); 29 USC 200, et seq.), as well as to liquidated damages thereon and attorneys' fees and costs, except as remaining disputed claims subject to the resolution procedure set forth in the Settlement Agreement.

2.  On February 7, 1990, Plaintiffs CALIFORNIA UNION OF SAFETY EMPLOYEES and JOSE M. PHILLIPS, WILLIAM CORAZZA, EARL DOOR, EDWARD J. GINGRAS, DONALD W. GROSS, MASAAKI J. HORI, DAVID J. SHUE, DAVID A. WILLIAMS, and MARGARET YARBROUGH, on behalf of themselves and on behalf of other Consenters, commenced their action in the United States District Court, Eastern District of California, seeking FLSA compensation for the unpaid overtime, liquidated damages, and attorneys' fees and costs described in

GENERAL RELEASE OF ANY AND ALL CLAIMS                    *Exhibit A*    25

1   Paragraph 1, _supra_, and Releasor subsequently filed his Consent

2   to participate in said action.

3      3.  Releasor, on behalf of himself/herself, his/her heirs,

4   executors, administrators and assigns, and in consideration of

5   the sum of $_____ (net recovery after deduction of

6   36% attorneys fees' and prior to withholding for applicable

7   taxes), paid to him/her by Releasees for his/her claims, attor-

8   neys' fees, and costs, hereby fully releases the Releasees, and

9   their successors, and all other persons and associations, known

10   or unknown, from any and all claims and causes of actions by

11   reason of any overtime compensation, liquidated damages, attor-

12   neys' fees and costs, to which Releasor may have any claim in

13   this action, except for any "disputed amounts," for which he may

14   or may not have sustained loss, including any claims said Relea-

15   sor may have that this amount has been improperly calculated by

16   Releasees pursuant to Paragraph IX(A)(4) of the "Settlement

17   Agreement and Release" referred to below.

18      4.  Releasor acknowledges and agrees that prior to executing

19   this individual release, he/she read the "Settlement Agreement

20   and Release" entered into between Releasees and Plaintiff

21   CALIFORNIA UNION OF SAFETY EMPLOYEES, on behalf of JOSE M.

22   PHILLIPS, WILLIAM CORAZZA, EARL DOOR, EDWARD J. GINGRAS, DONALD

23   W. GROSS, MASAAKI J. HORI, DAVID J. SHUE, DAVID A. WILLIAMS, and

24   MARGARET YARBROUGH, individually and on behalf of other persons

25   similarly situated, and fully understands, accepts and agrees to

26   all of the terms and conditions of that Release document.

GENERAL RELEASE OF ANY AND ALL CLAIMS

_Exhibit A_   26

Releasor acknowledges and agrees that this Release applies to all individual claims that this Releasor may have against Releasees arising out of the performance of any overtime work, as described above and as described in the "Settlement Agreement and Release," and for any and all injuries, damages, attorneys' fees, costs, compensation or losses which Releasor may have suffered, known or unknown, foreseen or unforeseen, or patent or latent, except for disputed amounts which shall be resolved in accordance with the Settlement Agreement procedures. **Releasor may claim that a portion of his/her claim is still disputed and must make such claim not later than thirty (30) days from receipt of the State's initial calculation. If no further claim is made by Consenter within such time, this Release shall be deemed to apply to any claim for such disputed amount.**

5.   Releasor certifies that he/she has read Section 1542 of the California Civil Code, and in particular that provision thereof which reads as follows:

> "A General Release does not extend to claims which the cre-
> ditor does not know or expect to exist in his favor at the
> time of executing the release, which if known by him must
> have materially affected his settlement with the debtor."

6.   Releasor hereby waives the application of Section 1542 of the California Civil Code.

7.   Releasor understands and acknowledges that the signifi-
cance and consequence of this waiver of Section 1542 of the Cal-
ifornia Civil Code is that even if Releasor suffers additional damages arising out of the above described performance of over-
time work, he/she will not be permitted to make any additional

GENERAL RELEASE OF ANY AND ALL CLAIMS                    *Exhibit A*   27

claim for those damages or losses.  Furthermore, Releasor acknow-
ledges that he/she intends these consequences even as to claims
for overtime work or as regards to any error in any accounting or
calculation of overtime compensation that may exist as of the
date of this Release which Releasor does not now know exists, and
which, if known, would materially affect Releasor's decision to
execute this Release, regardless of whether Releasor's lack of
knowledge is a result of ignorance, oversight, error, negligence,
or any other cause.

8.   Releasor warrants and represents that in executing this
individual Release, he/she has not only read and understood the
"Settlement Agreement and Release" entered into between Releasees
and Plaintiff CALIFORNIA UNION OF SAFETY EMPLOYEES, on behalf of
JOSE M. PHILLIPS, WILLIAM CORAZZA, EARL DOOR, EDWARD J. GINGRAS,
DONALD W. GROSS, MASAAKI J. HORI, DAVID J. SHUE, DAVID A. WIL-
LIAMS, and MARGARET YARBROUGH, individually and on behalf of
other persons similarly situated, but has also relied on the
legal advice from the attorney of his/her choice, and that the
terms of this Release and its consequences have been completely
read and explained to Releasor by that attorney and that Releasor
fully understands the terms of this Release.

9.   Releasor acknowledges and represents that he/she has
been apprised of all relevant information and data furnished by
said Releasees and their agents, including the data and informa-
tion specifically described in Paragraph IV(A)(4) ("Calculation
of Individual Damages") of the "Settlement Agreement and Re-

GENERAL RELEASE OF ANY AND ALL CLAIMS                    *Exhibit A*    28

lease;" has reviewed the particular documentation and information relevant to his/her claims; and has also reviewed all other information relevant to his/her claim in this Release.  Releasor further acknowledges and represents that, in executing this Release, he/she has not relied upon any inducements, promises or representations made by Releasees or any party representing or serving Releasees.

10.   Releasor acknowledges and warrants that his/her execution of this Release is free and voluntary.

11.   This Release pertains to a disputed claim and does not constitute an admission of liability by Releasees, and their officers and agents, of any liability or culpability whatsoever.


Dated:_____        _____

                                      Signature of Releasor

(at _____, Calif.)



_ (Witness signature follows
    and must be completed)

GENERAL RELEASE OF ANY AND ALL CLAIMS                    *Exhibit A*    29

1

2          <u>DECLARATION OF WITNESS</u>

3          I, _____, certify that

4    Releasor _____, who is personally known to

5    me, acknowledged in my presence that he/she had read and fully

6    understood the meaning and consequences of the foregoing Release,

7    and that he/she signed said Release in my presence.

8          Dated this _____ day of _____,

9    1994, at _____, California.

10

11                                    _____
     sjc:\cause\settle\release.)           (signature of Witness)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GENERAL RELEASE OF ANY AND ALL CLAIMS                    *Exhibit A*   30

<u>Phillips v. State of California</u>

## NOTICE OF DISPUTE

I am disputing overtime hours which are not included in the settlement offer made to me by _____ (department).

    The disputes are as follows:

(a) _____ to _____ :

Reason:_____

_____

(b) _____ to _____ :

Reason:_____

_____

(c) _____ to _____ :

Reason:_____

_____

(d) _____ to _____ :

Reason:_____

_____

    *(attach additional pages for further claim periods)*

Dated:_____     _____
                                               (signature)

_____     _____
(Social Security Number)          (print name)

sjc:\cause\settle\dispute.att

GENERAL RELEASE OF ANY AND ALL CLAIMS         *Exhibit A*   31

"Exhibit B"

<u>Phillips</u> Consenters now Deceased

(@ 12/14/94)

BAUGH, R.D. (Dec'd)
Corrections

BURNETT, NANCY (Dec'd}
Motor Vehicles

HENRY, MARGARET E. (Dec'd)
Industrial Relations

KUCHAREW, NICHOLAS (Dec'd)
CCC

MERTENS, RICHARD E. (Decd)
Health Services

MESTAS, ALBERT (Dec'd)
Lottery

MORDEN, BRUCE DONALD (Decd)
Health Services

MUELLER JR., CARL (Decd)
Social Services

NACE, LOUISE CORRINE (Dec'd)
Highway Patrol

SENATORE, MICHAEL (Dec'd)
Food & Agriculture

a3c:\cause\matrix\deceased.lst

"Exhibit C"

Phillips Consenters who are Unlocated
(and may be Retired or Separated from State service)

BARTLETT, RONALD B.
BOGLE-Baker, MICHELLE
COOPER, ADRIENNE E.
CRAIGEN, JOE
DUNIVANT, TERRI L.
EXTON, MARGARET J.
FISH III, SCOTT S.
GARCIA, SALVADOR
HEMPHILL, WARREN
HIMES, ANITA
KELLY, GERALD
LOW, ANDREW Y.
McINTOSH, ROBERT B.
MOOREHEAD, ALICE MARIE
MORRIS, ANN
ODA, TEDMUND T.
OLIVER-Oleriei, PEGGY M.
OVERLAND, HARVEY
REYES, FRED A.
STONER, BRIAN L.
WALKER, TRACIE A.
WEISHAAR, ILONA LEE
ALDERETTE, PATRICIA W.
BAIRD, ALLAN J.
GEORGE, ROBERT L.
HIROSE, CLARENCE S.
KORPI, GARRY W.
PAILLET JR., ROBERT A.
PARKS, THOMAS W.
POLLOCK, SEAN F.
ROSS, PERCY
SALOMON, GERALD
SMITH, DAVID A.
SUMMERS, KENNETH T.
AVINA, HENRY
DYAR, ARNOLD
SMITH-NELSON, GLORIA

Exhibit C      33

"Exhibit D"


Phillips Consenters with Stipulated Filing Dates


GONZALES, JAMES
Highway Patrol
Consent filed 3/26/93
Deemed to be filed 1/1/90


LOPEZ, RENE M.
Motor Vehicles
Consent filed 1/14/92
Deemed to be filed 4/26/90


SANCHEZ, JOSE D.
Alcoholic Beverage Control
Consent filed 3/11/93
Deemed to be filed 3/7/90


TELLES, LUPE
Alcoholic Beverage Control
Consent filed 3/8/93
Deemed to be filed 2/28/90


ZIEGLER, PAMELA A.
Youthful Offender Parole Board
Consent filed 3/28/94
Deemed to be filed 4/16/91


*REX, DONALD G.*
*Criminal Justice Planning*
*Transferred from Maddox lawsuit*
*Deemed to be filed 6/11/92*


sjc:\cause\settle\deemed.lst

"Exhibit E"

ADDENDUM TO <u>PHILLIPS</u> SETTLEMENT AGREEMENT

As set forth in Section IV.A.3 of the Settlement Agreement, all terms of the Settlement Agreement shall apply to the California Conservation Corps, the California Department of Corrections, and the Western States Information Network of the Department of Justice, except as set forth below:

(1)  The California Conservation Corps (hereinafter referred to as "CCC") shall pay damages as set forth in the Settlement Agreement subject to the following provisions which take precedence over the provisions of the Settlement Agreement:

(a)  Liquidated damages shall be 40% and shall be payable in accordance with the time schedule set forth in the Settlement Agreement, modified as follows:  CCC will have at least 60 days from the date of settlement to make any calculations and to provide any accountings or reports to Plaintiffs, Consenters, or counsel for same, and no payment will be due CCC Plaintiffs or consenters prior to 90 days from the date of the Settlement Agreement.  For the purposes of this Exhibit E, Paragraph (1)(a), the term "date of this Settlement Agreement" means the date on which the Settlement Agreement is signed by or on behalf of CCC.  No penalties, interest, or other costs of any sort will accrue to CCC regarding these amounts, so long as these 60 and 90 day periods are met.  At 90 days, however, if 90% or more of the undisputed claims against California Conservation Corps is not paid within 90 days the execution of this Settlement Agreement, the voluntary reduction by Plaintiffs' counsel of $435,000.00 from their statutory fees claimed through August 31, 1994 shall become null and void and the sum of $435,000.00 shall become immediately due and owing.

(b)  No leave, including sick leave, will be backed out of any overtime calculations.

(c)  The rate of pay for each individual Plaintiff or Consenter shall be at the top step of the Conservationist I or top step of the Conservationist II as of 12/31/93, depending upon the classification of the Plaintiff or Consenter on 12/31/93, or if a Plaintiff or a Consenter was no longer classified as a Conservationist I or II on 12/31/93, depending upon the Plaintiff's or Consenter's most recent classification as a Conservationist I or a Conservationist II prior to 12/31/93.  If however, damages have been claimed and documented through the claims process provided by this Settlement Agreement with respect to time worked after 12/31/93, such damages will be based on the Plaintiff's or Consenter's actual 1994 rate of pay applicable to the time in question.

(d)  As to days on spikes and as to days on fire or other declared emergencies:  8 hours per day shall be backed out for unpaid sleeptime; for regularly-scheduled workdays, 16 hours per day shall be considered worktime, 8 hours of which per day are considered regular pay while the remaining 8 hours are considered overtime; for regularly-scheduled days off worked, 16 hours per day will be considered overtime.

(e)  Backcountry assignments shall have 8 hours unpaid sleeptime backed out for each regularly-scheduled workday and shall have 16 hours unpaid time backed out for each regularly-scheduled day off worked; 8 hours each regularly-scheduled workday will be considered regular pay, and the remaining 8 hours per regularly-scheduled workday or per regular day off worked will be considered overtime.

(f)  Any hours considered overtime, for which hours a Plaintiff or Consenter has already been paid time and a half, shall be excluded from the hours for which stipulated, liquidated, or any other damages may be awarded under this Settlement Agreement.

(g)  If a Plaintiff or Consenter has already received compensation (at regular pay, for example) for hours which are the basis of damage calculations under this Settlement Agreement, all such compensation shall be deducted from the total stipulated and/or liquidated damages due such Plaintiff or Consenter pursuant to this Settlement Agreement.

(2)  The California Department of Corrections shall pay the difference between FLSA and premium pay as set forth in Controller pay records, regardless of whether the Consenter has claimed less in the claims procedure.  Disputed claims for travel and work performed at home shall be paid at rates which the employees in the appropriate classification were paid as of April, 1994.  Recruitment, retention and physical maintenance program allowances shall be reduced to an hourly equivalent and shall be then applied to each hour claimed by a Consenter and then multiplied by one-and-one-half.

(3)  Western States Information Network of the Department of Justice shall be entitled to credit up to 240 hours of overtime earned to a CTO bank.  All remaining hours shall be paid as overtime and the applicable liquidated damages formula applied to the cash amount.  Attorneys' fees shall be paid in accordance with the Settlement Agreement upon the total cash value of CTO and paid overtime hours earned by each Consenter.

1  Christopher D. Burdick, Esq. (SB #042732)                    "Exhibit F"
2  Ronald Yank, Esq. (SB #041200)
   Gary M. Messing, Esq. (SB #075363)
3  Cathleen A. Williams, Esq. (SB #068029)
   CARROLL, BURDICK & McDONOUGH
4  400 Capitol Mall, Suite 1400
   Sacramento, CA  95814
5  (916) 446-2222

6  Attorneys for Plaintiffs/Consenters

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10
   CALIFORNIA UNION OF SAFETY                 No. CIVS 90-0167 LKK-GGH
11 EMPLOYEES, JOSE M. PHILLIPS,
   WILLIAM CORAZZA, EARL DOOR,
12 EDWARD J. GINGRAS, DONALD W.
   GROSS, MASAAKI J. HORI, DAVID J.
13 SHUE, DAVID A. WILLIAMS, and            ORDER APPROVING
   MARGARET YARBROUGH, Individually        SETTLEMENT AGREEMENT
14 and on behalf of other persons          AND STIPULATED ORDERS
   similarly situated,                     PERTAINING THERETO
15
                         Plaintiffs,
16
          v.
17
   STATE OF CALIFORNIA; and CALIFORNIA
18 DEPARTMENT OF PERSONNEL ADMINISTRA-
   TION, a subdivision of the STATE OF
19 CALIFORNIA,
                         Defendants.
20 _____/

21      For good cause shown therefor, and on the stipulation of the

22 parties,  IT IS HEREBY ORDERED:

23      (1)  The Settlement Agreement is approved by the Court on

24 the basis of the recitals therein;

25      (2)  This action shall be administratively closed as of the

26 date of this Order;

ORDER APPROVING SETTLEMENT AGREEMENT                   *Exhibit F*   37

     (3)   The Plaintiffs' agreement to dismiss this case with prejudice shall become effective as of the date that the Settlement Agreement expires of its own terms.  Plaintiffs shall give the Court notice of such effective date.

     (4)   Until such date as the dismissal is effective, the Court shall retain jurisdiction under the terms of the Settlement Agreement.

     IT IS SO ORDERED.

Dated:_____   _____
                                                LAWRENCE K. KARLTON
                                              Chief Judge Emeritus
                                              U.S. District Court - Eastern
                                              District of California

Approved as to Form:


_____
Edmund K. Brehl for:
CHRISTOPHER W. WADDELL
Chief Counsel
Department of Personnel Administration
STATE OF CALIFORNIA



sJc:\cause\settle\app-atlm.ord

ORDER APPROVING SETTLEMENT AGREEMENT        *Exhibit F*  38

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am a citizen of the United States, over the age of eighteen years, employed in the County of Sacramento, State of California, and not a party to the within-entitled action.

On  December _19_ , 1994, I served a true copy of the document(s) named below:

SETTLEMENT AGREEMENT AND RELEASE
(containing original signatures)

___  by causing it to be personally delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b):

_X_  by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid addressed as follows:

Christopher W. Waddell, Chief Counsel        (324-0512)
Edmund K. Brehl, Labor Relations Counsel
Gail Onodera, Labor Relations Counsel
DEPT OF PERSONNEL ADMINISTRATION
1515 S St - North Bldg - Ste 400
Sacramento   CA  95814-7243

Place of mailing:  Sacramento, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on  December _19_ , 1994, Sacramento, California.

_Vicki Hepler_
Vicki Hepler