UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN ALDER, et al., | Case No. 16-cv-01682-VC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART PARTIES' RENEWED MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT** |
| COUNTY OF YOLO, | |
| Defendant. | Re: Dkt. No. 29 |

The parties' renewed motion for approval of their settlement agreement is granted in large part. The substance of the settlement agreement, as amended and clarified by the parties' renewed motion, is approved with respect to release of and compensation for the alleged Fair Labor Standards Act violations. The proposed notice procedure is approved with one small caveat. The plaintiffs should make the following edit to page 2 of their proposed notice to make clear that both current and former employees are eligible for settlement payments: Delete "current" from the sentence beginning "[t]he County has agreed to pay Putative Plaintiffs (eligible current employees who have not joined the action) an amount constituting corrected overtime back pay . . . ." Messing Decl., Ex. 1 at 2, Dkt. No. 28-2.

The Court concludes that the proposed "statutory" fee amount, $106,625.59, constitutes a reasonable fee award for plaintiffs' counsel in this case. *See* 29 U.S.C. § 216(b). Using a 25% common-fund benchmark would undercompensate plaintiffs' counsel in light of the County's agreement to change its practices and the number of putative plaintiffs who can benefit from the settlement. Instead, the Court looks to the lodestar, accepts counsel's proposed hourly rates as reasonable and, after reviewing counsel's billing records, concludes the amount of time

expended on this litigation prior to and during negotiation of the settlement agreement generally was not excessive. However, a significant portion of the hours spent on this case were focused on the bona fide plan dispute. Although counsel achieved some benefit for the plaintiffs with respect to this issue, plaintiffs' recovery on this claim is significantly discounted. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (explaining that "the benefit obtained" for the plaintiffs is foremost among the factors relevant to assessing reasonableness). Further, although counsel faced a risk of nonpayment as to the bona fide plan issue, it was clear at the outset of this litigation that counsel was likely to recover some amount of fees as to the cash in-lieu issue. *See id.* So, although counsel has spent additional hours since initially proposing the statutory fee award drafting motions justifying the arrangement between the parties, that proposed statutory fee award adequately compensates counsel for all time spent on this lawsuit to date. It would be unreasonable in this case to discount County employees' FLSA recovery by requiring them to supplement the reasonable fee award the County has agreed to pay with additional contingency fees. Counsel for the plaintiffs therefore should remove reference to contingency fees from the proposed notice, in addition to making the edit noted above.

When the parties seek dismissal of this action with prejudice following the Claims Period, they should submit a declaration updating the Court on settlement administration. *See* Settlement Agreement ¶ 25, Messing Decl., Ex. A, Dkt. No. 26-3.

       **IT IS SO ORDERED.**

Dated: March 20, 2018

_____

VINCE CHHABRIA
United States District Judge